c/m
DEC 5 - 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

DAVID MORA,

              Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
94-cr-729 (CBA)

**AMON, Chief United States District Judge.**

    David Mora, pro se, moves this Court for reconsideration of its order dated June 23, 2011, denying Mora's petition for a sentence modification based on Amendment 599 to the Sentencing Guidelines. Amendment 599 clarifies the commentary to U.S.S.G. § 2K2.4, which governs sentencing in cases where a defendant was convicted under 18 U.S.C. § 924(c) for possession or use of a firearm during or in relation to a crime of violence or drug trafficking. Amendment 599 makes clear that if a defendant is sentenced for both firearm possession in violation of § 924(c), and for the underlying crime of violence or drug trafficking, a court must not apply a weapon enhancement to the offense level of the underlying offense. The purpose of this amendment is to avoid duplicative punishment for the same use of a firearm. See United States v. Contrera, No. 94-cr-00729, 2009 WL 2383034, at *3 (E.D.N.Y. July 30, 2009).

    As explained in the Court's June 23 order, Mora brought a motion for a sentence modification under 18 U.S.C. § 3582(c)(2), arguing that his life sentence should be reduced based on Amendment 599 because the Court applied a two-level sentencing enhancement for possession of a firearm to Mora's base offense level for Count 46 (continuing criminal enterprise, 21 U.S.C. § 848), while also sentencing him on Count 6 for a violation of § 924(c). The Court denied Mora's motion on the ground that the underlying violent offenses that formed the basis of the § 924(c) conviction were Count 5 (assault in aid of racketeering, 18 U.S.C.

1

§ 1959(a)(3)), and Count 4 (conspiracy to commit murder in aid of racketeering, 18 U.S.C. § 1959(a)(5)), not Count 46. See Contrera, 2009 WL 2383034, at *3 ("Nothing in Amendment 599 precludes the application of a weapon enhancement to the offense level of a separate crime that is not the basis of a § 844(h), 924(c), or 929(a) weapons offense.").

Mora moves for reconsideration of that order, arguing that his substantive conviction for continuing criminal enterprise "implicitly makes all crimes related to the enterprise underlying offenses, thereby making the substantive count [continuing criminal enterprise] the underlying offense [for the § 924(c) conviction]." This argument confuses what constitutes a predicate offense for a continuing criminal enterprise conviction with what constitutes an underlying crime of violence of drug trafficking that forms the basis of a § 924(c) conviction. Mora was not punished twice for the same act of gun violence. His conviction under § 924(c) was for the use of a firearm during a specific assault and conspiracy to commit murder, which arose from a shooting of a certain drug dealer. Consistent with Amendment 599, the guidelines calculation for Counts 4 and 5 did not include any enhancement based on the defendant's use of a firearm during those offenses. While those offenses may have been committed in furtherance of the same criminal enterprise, the PSR detailed numerous additional acts of gun violence carried out or directed by Mora in furtherance of the gang's activities, and those distinct acts of gun violence support the two-level weapon enhancement on Count 46. Accordingly, Mora's motion for reconsideration is denied.[1]

SO ORDERED.

Dated: Brooklyn, N.Y.
December 5, 2011

Carol Bagley/Amon
Chief United States District Judge

---

[1] In any event, the two-level enhancement had no effect on Mora's total offense level of 44 under the Sentencing Guidelines because Counts 48 and 49 (narcotics distribution within 1000 feet of a school, 21 U.S.C. § 860 and § 841(b)(1)(A)) both had an offense level of 44 without any weapons enhancement.

2