UNITED STATES OF AMERICA,

    -versus-

LOVE BROOKS,
              Defendant.

MEMORANDUM
94-CR-729

JOHN GLEESON, United States District Judge:

On January 22, 2013, this Court[1] received a letter from Love Books, an inmate at Florence Federal Prison in Florence, Colorado currently serving two concurrent life sentences plus an additional fifty years.[2] In his letter, Brooks asserts that a "number of prior[] [convictions] were used to enhance [his] count 44 conviction." *See* Letter, Jan. 16, 2013, ECF No. 743. "Under 21 U.S.C. § 851(a)(1) a United States Attorney must file a notice of intent in order to utilize prior convictions to enhance [a sentence]." *Id.* Since the docket does not "contain an entry Notice of Prior Conviction pursuant to [28 U.S.C.] § 851," Brooks requests that this Court "produce the notice" or else he will "file for a remedy"[3] because "the court has no jurisdiction to [enhance his sentence] without the 851 filing." *Id.*

The government did not file a notice of prior felony conviction pursuant to 21 U.S.C. § 851(a)(1). Nonetheless, as discussed below, the sentencing judge had statutory authority to impose a life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). District courts may take a

---

[1] Judge Charles P. Sifton presided over the trial and habeas petitions. This case was assigned to me on June 21, 2011.
[2] In 1995, following a fourteen week trial, a jury in this district found Brooks guilty of arson, in violation of 18 U.S.C. § 844(i) (count 30); using and carrying a destructive device in relation to a crime of violence (the arson charged in count 30) in violation of 18 U.S.C. § 924(c) (count 31); two counts of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (counts 32 and 33); murder in aid of racketeering, in violation of 18 U.S.C. § 1959 (a)(1) (count 34); carrying and using a firearm in relation to crimes of violence (those charged in counts 30, 32, 33 and 34) in violation of 18 U.S.C. § 924(c) (count 35); and conspiracy to distribute and possess with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(iii)(count 44). *See United States v. Mora, et al.*, 94-cr-729, at ECF Doc No. 147, 362. The Second Circuit affirmed his conviction by summary order. *See United States v. Mora*, No. 96-1566(L) (2d Cir. June 9, 1998).
[3] On June 12, 2012, Brooks moved for permission to file a successive habeas petition in the Second Circuit. This petition is still pending.

defendant's criminal history into consideration in calculating his Sentencing Guidelines without following the procedures outlined in 21 U.S.C. § 851. *See United States v. Whitaker*, 938 F.2d 1551, 1552 (2d Cir. 1991) (per curiam).

A.    *Discussion*

Brooks is serving a life term on his conviction of Count 44, conspiracy to distribute and possess with intent to distribute cocaine base and heroin, in violation of 21 U.S.C. § 846. This offense carried a statutory penalty ranging from ten years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). In other words, the statute *required* the court to sentence Brooks to a term of imprisonment not less than ten years (mandatory minimum), but authorized the court to impose a term of imprisonment up to a life imprisonment (statutory maximum).

In his letter, Brooks points out that persons with prior drug felony convictions are subject to enhanced mandatory minimum sentences only if the procedure set out in 21 U.S.C. § 851 is followed.[4] While this is indeed true, Brooks's suggestion that the government's decision not to file a § 851 notice in his case deprived this Court of jurisdiction to sentence him to a life term is not correct.

Brooks's sentence was calculated under the Federal Sentencing Guidelines. In calculating the applicable Guidelines range, the sentencing judge looked to Brooks's criminal history and determined that – based on his prior convictions – Brooks was properly classified as a criminal history category VI.[5] A district court is permitted to calculate a defendant's criminal

---

[4]    Specifically, 21 U.S.C. 851(a)(1) provides that "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon."

[5]    Prior to sentencing, the United States Probation Office prepared a presentence investigation report (PSR) that set forth Brooks's criminal history. According to the undisputed sections of the PSR, Brooks had the following convictions: (1) at age 16, possession of at least 500 milligrams of cocaine; (2) at age 17, attempted criminal possession of a weapon – 4th degree; (3) at age 18, criminal possession of a loaded firearm; (4) at age 18, Robbery I: display of a firearm; (5) at age 19, Robbery II. The above convictions resulted in a subtotal of 11 criminal history points, and two points were added since he committed the offense of conviction while on probation, thus yielding a total criminal history calculation of 13 points. According to Chapter 5, part A of the Sentencing Table, 13 points places Brooks in Criminal History Category VI.

history even if the prosecution does not elect to file a Section 851 notice. *See Whitaker*, 939 F.2d at 1552 (holding that an "§ 851(a)(1) notice is required only where the statutory minimum or maximum penalty under Part D of Title 21 is sought to be enhanced, not where a defendant, by virtue of his criminal history, receives an increased sentence under the Sentencing Guidelines within the statutory range."). Because Brooks did not object to the presentence report's specific factual allegations of his prior criminal history, the sentencing judge was permitted to accept as true the fact of his prior convictions. *See United States v. Maturo*, 982 F.2d 57, 62 (2d Cir. 1992).

Brooks's criminal history category, combined with his adjusted offense level[6] corresponded to a sentencing range of 360 months to life. Because the low end of the Sentencing Guidelines (360 months, or thirty years) was higher than the mandatory minimum term (120 months, or ten years), the sentencing judge was required (unless a departure ground was available) to sentence Brooks to a term of imprisonment no less than 360 months, and was authorized to impose a maximum sentence of life.[7] Thus, although the decision not to file an § 851 notice meant that the statutory minimum was not enhanced, the sentencing judge nonetheless retained the statutory authority to sentence Brooks to the maximum term permissible under 21 U.S.C. § 841 (a)(1)(A) – life imprisonment.

Had the government filed an § 851 information giving notice of a prior drug felony, Brooks would have faced a mandatory minimum sentence of 240 months incarceration.[8] And if the government filed an § 851 information giving notice of two or more prior drug

---

[6] Since his offense of conviction involved at least 30 kilograms of heroin and 1.5 kilograms of cocaine base, the base offense level was 38 and his adjusted offense level was 40.

[7] At the time of this sentence, the Sentencing Guidelines were mandatory; thus, in the absence of a ground for departure (and those grounds were quite narrow), judges did not have discretion to sentence below the range prescribed by the Guidelines. The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) made the Sentencing Guidelines advisory.

[8] Pursuant to 21 U.S.C. § 841(b)(1)(A), "any person [who] commits such a violation after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." Upon a first read of this statutory language, one might believe that every person with a prior drug felony sentenced under § 841(b)(1)(A) "shall" have his sentenced doubled. However, although the statute uses the mandatory word – shall – to describe the enhanced penalty for a recidivist offender, this recidivist enhancement is not self-executing. A separate section of the statute – 21 U.S.C. § 851 – establishes that no person may be subject to an enhanced sentence on the basis of a prior conviction unless and until a mandatory procedure is followed.

felonies, Brooks would have faced a mandatory minimum of life. *See* 21 U.S.C. § 841(b)(1)(A) (indicating that, if a person is convicted "after two or more prior convictions for a felony drug offense," that person "shall be sentenced to a mandatory term of life imprisonment.").

Here the government did not file a § 851 notice; thus Brooks's statutory mandatory minimum remained at 10 years. Nonetheless, his offense of conviction still carried a statutory maximum of life imprisonment, and the sentencing judge's decision to impose a life sentence was not contingent on the government's decision to file an § 851 notice. Accordingly, Brooks's application is denied.

_____
John Gleeson, U.S.D.J.

Dated: February 11, 2013
  Brooklyn, New York